ELLIS, Judge.
This is an appeal by defendant W. E. Middleton, doing business as WEM Distributors, from a judgment in favor of plaintiff Stainless Ice Tainer for $1,456.27. The judgment also rejected defendant’s re-conventional demand.
The main demand is for the price of two ice makers which were invoiced by plaintiff to defendant. Plaintiff’s witness, Harold Bell, testified that Mr. Middleton ordered both units by telephone, and that he personally took Mr. Middleton’s order. The evidence further shows that the two units were shipped separately to WEM Distributors, and that both were received, the first by Mr. Middleton and the second by Mrs. Middleton.
Mr. Middleton denied placing the order. He testified that Ray Newman, plaintiff’s sales representative in South Louisiana, had sold an ice machine to the Catholic Student Center at Southern University. When it failed to operate, Newman immediately ordered another and had it shipped to Mr. Middleton’s warehouse. Middleton attempted to have the first one repaired without success, and then replaced it with *553 the second one. He was paid for the second machine by the Catholic Chaplain at Southern, and, at the time of trial, still had the first machine in his warehouse. He never communicated any of the above to plaintiff, nor did he pay for either of the machines.
The reconventional demand was for office rent, warehouse space and janitorial services allegedly rendered by Middleton to plaintiff. Ray Newman was an independent commission-sales agent for plaintiff. He had an office in Middleton’s building, received his mail there, and had a telephone which was paid for by plaintiff. Middleton testified that he had an agreement to furnish the above services to Newman.
Mr. Bell, testifying for plaintiff, stated that Mr. Newman was responsible for all of his expenses except for the phone, which plaintiff would install where ever Mr. Newman wanted it. He denied that plaintiff had authorized Newman to incur such expenses on their behalf, or that plaintiff had made any such arrangement with Mr. Middleton. The only invoice ever rendered by Mr. Middleton to plaintiff was dated almost six months after Mr. Newman began using his office, and shortly after Mr.'Newman disappeared.
In ruling on this case, the trial judge said:
“The Court has considered all of the testimony in this matter and the exhibits, and has concluded that the plaintiff should recover on the main demand, and that the reconventional demand should be denied. Suffice it to say that the Court, in addition to listening to the testimony had an opportunity to observe the demeanor of the witnesses, and. believes the testimony of Mr. Bell to be highly credible. He said the order was placed on the phone to him. He took credit information and checked out the information, and that the machines were ordered at the same time and shipped on different days to Mr. Middleton. Now, that testimony alone may not suffice in the face of the denial of those facts by Mr. Middleton, but that testimony coupled with the other evidence in this record, namely the payment of the freight, payment for the repairs, those acts of Mr. Middleton which are indicative to this Court of ownership of the machines and having them installed, the acceptance of the money from the witness from the student center at Southern University. The keeping of that money without passing it on to whoever Mr. Middleton considered to be the lawful owner of the equipment indicates to the Court that Mr. Middleton considered himself to be the owner.
“The testimony on the reconventional demand is very vague. The Court accepts the testimony of Mr. Bell that there was no agreement with Mr. Middleton to rent anything from him. Mr. Middleton has no recollection of how the agreement with respect to the janitorial services was arrived at. It’s unbelievable and unthinkable to the Court that he would wait six months and invoice only after Mr. Newman had left. Of course, this Court doesn’t have any idea what the arrangement between Mr. Newman and Mr. Middleton was. But I do know that the invoice on the reconventional demand was rendered at a time when Newman was no longer on the scene. It was rendered at the end of August for six months of charges, and actually at that time only five months and about ten days had elapsed since the employment of Mr. Newman. He was employed, according to the testimony of Mr. Bell, on March 20, 1972. Six months would not have elapsed until the 20th of September, yet the invoice was rendered with six full,months of charges in each of these categories on August 31st. That invoice, in the opinion of the Court, was an afterthought in anticipation of the claim or the defense of the claim, or in some other fashion, and is not representative of any equities that exist between plaintiff *554 in reconvention and the original plaintiff.”
Only issues of fact are involved herein, and we find the conclusions of the trial judge relative thereto to be amply supported by the record.
The only question of law presented is the claim by defendant that Harold Bell, representing the plaintiff, should not have been permitted to testify because he was not named in the pre-trial order. The district judge permitted him to testify, but granted defendant a two and one half month continuance when surprise was pleaded. We think the trial judge acted within his discretion, and that defendant was not prejudiced in any way. Article 1551, Code of Civil Procedure. The contention is without merit.
The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.